IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2017 JUN 29  P 12: 07

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **BARB'S COUNTRY KITCHEN, LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**SYSCO CENTRAL ALABAMA, INC.,**<br>**SYSCO CORPORATION and**<br>**FICTITIOUS DEFENDANTS "A," "B,"**<br>**and "C,"**<br><br>**Defendants.** | Civil Action No. 2:17-cv-413 |

## DEFENDANTS SYSCO CENTRAL ALABAMA, INC., AND SYSCO CORPORATION'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendants Sysco Central Alabama, Inc. and Sysco Corporation (collectively "Sysco Defendants") remove this action from the Circuit Court of Barbour County, Alabama, Eufaula Division ("Barbour County Circuit Court"), showing as grounds therefor:

### Compliance with the Procedural Requirements for Removal

Sysco Defendants have been named as the sole Defendants in the action styled *Barb's Country Kitchen, LLC v. Sysco Central Alabama, Inc., and Sysco Corporation*, pending as Case Number 2017- CV-900021 in the Circuit Court of Barbour County, Eufaula Division (the "State Court Action").

1. Plaintiff Barb's Country Kitchen, LLC ("Plaintiff") filed and served its Amended and Restated Class Action Complaint in the State Court Action ("Plaintiff's Class Action Complaint") on May 31, 2017. Prior to this date, on March 22, 2017 when Plaintiff had filed the initial Complaint in this action, only a lawsuit by Plaintiff in its own right had been filed, not a

41970416;2

putative class action. Sysco Defendants had moved to dismiss that initial Complaint, after which Plaintiff's Class Action Complaint was filed and served on May 31, 2017. Sysco Defendants have sought no affirmative relief in the State Court Action after the May 31, 2017 filing of Plaintiff's Class Action Complaint, so as to preserve Sysco Defendants' right to remove.

2. In accordance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a), Sysco Defendants file this Notice of Removal within thirty (30) days of service of the Complaint.

3. In accordance with 28 U.S.C. § 1446(a), Sysco Defendants attach copies of all process, pleadings, and orders served on it in the State Court Action as **Composite Exhibit "A."**

4. Promptly after filing this Notice of Removal, Sysco Defendants will give written notice of the removal to Plaintiff through its attorneys of record in the State Court Action, as well as to the Clerk of the Court in the State Court action, as required by 28 U.S.C. § 1446(d).

5. This case properly may be removed to this Division of this United States District Court under 28 U.S.C. §§ 1332, 1441(a), and 1453. The Barbour County Circuit, Eufaula Division is located within the jurisdiction of the United States District Court for the Middle District of Alabama, Northern Division.

6. As set forth below, removal is proper under 28 U.S.C. §§ 1332(d) and 1453 because this case is (a) a class action, (b) with proposed classes containing 100 or more members in the aggregate, (c) in which the Plaintiff is a citizen of a state that is different from Sysco Defendants, and (d) the matter in controversy exceeds $5,000,000.

**Citizenship of the Parties**

7. According to the Complaint, Plaintiff is an Alabama corporation with its principal place of business in Eufaula, Barbour County. Plaintiff's Class Action Complaint, ¶ 4.

8. Sysco Corporation is a Delaware company with its principal place of business in Houston, Texas. *Id.* ¶ 6.

2

9. Sysco Central Alabama, Inc. is a Delaware company with its principal place of business in Alabama. *See* Declaration of Jennifer Gourley attached as **Exhibit "B"**.

10. Plaintiff's Class Action Complaint purports to seek relief on behalf of the following putative class:

> All Alabama persons and/or Alabama entities who paid "fuel surcharges" and/or other similar charges to Defendants from March 22, 2015 through March 22, 2017.

*Id.* ¶ 9.

11. Plaintiff's Class Action Complaint also purports to seek relief on behalf of the following additional putative subclass:

> All Alabama persons and/or Alabama entities who entered into a written contract with Sysco Central Alabama, Inc. and/or Sysco Corporation who paid "fuel surcharges" and/or other similar charges to Defendants from March 22, 2015 through March 22, 2017.

*Id.* ¶ 10.

12. The March 22, 2015 through March 22, 2017 proposed class period as drawn from ¶ 9 and ¶ 10 of Plaintiff's Class Action Complaint does not control, but the relevant class period to determine the amount in controversy is instead defined by the time frame during which the Sysco Defendants' challenged fuel surcharge assessment practice continued (March 2011 to present), subject to any legal constraints imposed by the governing statute of limitations. *See Cliff v. Payco General American Credits, Inc.*, 363 F.3d 1113, 1132-33 (11th Cir. 2004) (class action complaint should adequately notify defendants not only of the substantive claims brought against them, but the potential plaintiffs who may participate in the judgment, within period set by statute of limitations, thereby providing defendants with the essential information to determine both the subject matter and the size of the prospective litigation)(citing *American Pipe v. Utah*, 414 U.S. 538 (1974) and *Arneil v. Ramsey*, 550 F.2d 774 (2nd Cir. 1977)). The claims

3

for relief which Plaintiff asserts against the Sysco Defendants in Plaintiff's Class Action Complaint are as follows:

(i) The first cause of action for misrepresentation, which under Section 6-2-38 of the Alabama Code is subject to a two (2) year statute of limitations[1];

(ii) The second cause of action for suppression, which under Section 6-2-38 of the Alabama Code is subject to a two (2) year statute of limitations;

(iii) The third cause of action for unjust enrichment, which is either subject to the two (2) year catchall statute of limitations under Section 6-2-38 of the Alabama Code or the six (6) year contract statute of limitations under Section 6-2-34 of the Alabama Code, *see Auburn Univ. v. International Bus. Machs. Corp.*, 716 F.Supp. 2d 1114, 1118 (M.D. Ala. 2010)("[s]ome unjust enrichment claims, such as claims flowing from a breach of the corporate fiduciary duties of loyalty and due care, clearly arise from tort injuries, while other unjust enrichment claims, such as claims for enrichment flowing from the rendering of substantial performance on a merely technically invalid contract, clearly arise from contract injuries."). After noting the District Court's approach in *Auburn University*, the Alabama Supreme Court has recently acknowledged that "there is a distinct absence of authority definitely stating the statute of limitations applicable to an unjust enrichment claim." *Snider v. Morgan*, 113 So.3d 643, 655 (Ala. 2012).

(iv) The fourth cause of action for breach of contract, which is subject to the six (6) year statute of limitations under Section 6-2-34 of the Alabama Code.

13. Based on the claims asserted in Plaintiff's Class Action Complaint and its May 31, 2017 filing date, the relevant class period to determine the amount in controversy is March 2011 to May 2017, which is consistent with when the Sysco Defendants began assessing fuel

---

[1] Section 6-2-3 of the Alabama Code further provides that a claim sounding in fraud does not accrue until the discovery by the plaintiff of the facts constituting the fraud, or the time by which the fraud should reasonably have been discovered.

4

surcharges in Alabama and the six (6) year statute of limitations applicable to the contract claims that Plaintiff has brought on behalf of the putative class. These class members are the real parties in interest implicated by Plaintiff's Class Action Complaint, and therefore "they are treated as class plaintiffs for purposes of CAFA jurisdiction even if they are not named parties or alleged members of a Rule 23 class." *Schwartz v. SCI Funeral Services of Florida, Inc.*, 931 F.Supp. 2d 1191, 1197-98 (S.D. Fla. 2013)(citations omitted). Notably, the Eleventh Circuit held in *McGee v. Sentinel Offender Services, LLC*, 719 F.3d 1236, 1241-41 (11th Cir. 2013) that when determining amount of controversy for purposes of CAFA, "we do not consider whether some damages claimed by the plaintiff might be precluded by a statute of limitations" because "courts cannot look past the complaint to the merits of a defense that has not yet been established." *Id.*

14.  Thus, there is diversity of citizenship between the named Plaintiff and members of the putative class (Alabama), on the one hand, and at least one named Defendant, Sysco Corporation (Delaware and Texas), on the other hand. *See Eisenberg v. McCulley*, No. 15-10323, 2015 WL 3619751, *1 (11th Cir. June 11, 2015) (observing that "a corporation is 'deemed to be a citizen of every State and foreign state by which it has been incorporated and . . . where it has its principal place of business.'").

### Removal Pursuant to 28 U.S.C. §§ 1332(d) and 1453

15.  Under the Class Action Fairness Act of 2005 ("CAFA"), a "class action" may be removed where "any member of a class of plaintiffs is a citizen of a State different from any defendant" and "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2) and 1453. For purposes of the $5,000,000 jurisdictional requirement, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

5

16. Plaintiff attempts to circumvent federal jurisdiction by purporting to "bring no claims which would give rise to federal jurisdiction" and further purporting to limit all damages claimed in Plaintiff's Class Action Complaint to $74,500 in the aggregate for plaintiff and any class member or $4,995,000 for the entire class. Plaintiff's Class Action Complaint ¶¶ 9, 10, and ad damnum clause following ¶ 38. The Supreme Court held in *Standard Fire Insurance Co. v. Knowles*, 133 S.Ct. 1345 (2013) that a class action plaintiff could not avoid CAFA removal by stipulating that the amount in controversy was below the CAFA threshold of $5 million. *Id.* The Supreme Court's rationale is that such a damages limitation cannot have a binding effect on absent class members' claims unless and until the class is certified, so as of the time the class action complaint is filed in state court, the named plaintiff lacked the authority to concede the amount in controversy issues and cannot reduce the value of the putative class members claims as a matter of law. *Id.*

17. Plaintiff's further attempt to circumvent federal jurisdiction by purporting to include in the "wherefore" clause at the end of Counts I and II in Plaintiff's Class Action Complaint the statement "Plaintiff, as set out herein, does not seek punitive damages, on behalf of itself or the putative class", with another such disclaimer of punitive damages being included in the ad damnum clause following ¶ 38. Based upon the holding in *Standard Fire Insurance Co. v. Knowles*, such a damages limitation cannot have a binding effect on absent class members' claims unless and until the class is certified, so it also cannot be used to defeat CAFA removal. Even before *Standard Fire Insurance Co. v. Knowles,* federal courts recognized that a class representative plaintiff has a fiduciary duty not to throw away what could be a major component of the class's recovery. *See Back Doctors, Ltd. v. Metropolitan*, 637 F.3d 827, 830-31 (7th Cir. 2011). After *Standard Fire Insurance Co. v. Knowles,* a class representative plaintiff cannot

reduce the amount in controversy on behalf of absent class members, so there is no justification for assigning to an allegation in the complaint weight so significant that it affects CAFA removal. See *Rodriguez v. AT&T Mobility*, 728 F.3d 975, 982 (9th Cir. 2013).

18.   The Supreme Court held that a defendant's notice of removal "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Company v. Owens*, 135 S.Ct. 547, 551, 554 (2014). "[N]o anti-removal presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court". *Id.*

19.   Where a complaint does not specify the amount of damages sought—as in Plaintiff's Class Action Complaint—and where the amount in controversy is in dispute, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied. *McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 730 (11th Cir. 2014) ("Where the plaintiff does not plead a specific amount of damages, 'the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'"); *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912-13 (11th Cir. 2014).[2]

20.   In support of an argument that the amount-in-controversy threshold is satisfied, a removing defendant may submit specific factual details—including declarations or other documentation—to support its contentions. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010); *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir.

---

[2] In *Dudley*, citing *Dart Cherokee Basin Operating Co. v. Owens*, the Eleventh Circuit Court of Appeals explained, "'when a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.' In other words, all that is required is a 'short and plain statement of the grounds for removal,' including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.' That is the end of the matter, unless 'the plaintiff contests, or the court questions, the defendant's allegation.'" *Dudley*, 778 F.3d 909, 912.

7

41970416;2

2014) (In determining the existence of adequate damages to support CAFA jurisdiction, "[a] court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden.").

21.  Plaintiff purports to bring "this action as a class action under Alabama law[.]" Plaintiff's Class Action Complaint ¶ 9. Alabama's Rule of Civil Procedure pertaining to class actions, Rule 23, is similar to Federal Rule of Civil Procedure 23. The State Court Action thus constitutes a "class action." 28 U.S.C. § 1332(d)(1).

22.  At least minimum diversity exists because the named Plaintiff is a citizen of a state different than Defendant Sysco Corporation. 28 U.S.C. § 1332(d)(2).

23.  The amount in controversy exceeds $5,000,000. Plaintiff's Class Action Complaint alleges Plaintiff and members of the putative class paid a "fuel surcharge" which bore no relation to Sysco Defendants' actual fuel costs. *See e.g.,* Plaintiff's Class Action Complaint ¶ 1 ("The "fuel surcharge" has no relation to Defendants' fuel costs, or to any purported increase in those costs. It is neither a "surcharge" nor it is related to "fuel." Rather, it is a profit-generating device Defendants created solely to increase their revenue. The only reason Defendants called this fee a "fuel surcharge" rather than an "extra profit fee" is to deceive Plaintiff and their customers into believing that this is a legitimate, lawful, surcharge related to Defendants' actual or increased fuel costs, when, in fact, it is not.") *Id.* ¶ 1. ("Although the cost of fuel fluctuates and the number of items ordered by Plaintiff varied throughout this time period, Plaintiff was consistently charged $5.00 on its January-August 2016 invoices for a "fuel surcharge." This amount is excessive and not related to Defendants' actual or increased fuel costs.") *Id.* ¶ 19. ("Defendants' charging and collecting of the "fuel surcharge" is fraudulent . . . Defendants named

8

this fee a "fuel surcharge" to create the false impression that the fee is a legitimate charge, rationally and reasonably related to the actual or increased fuel costs Defendants incur in providing services. However, as alleged herein, this is untrue.") *Id.* ¶ 20. ("Finally, by charging the fuel surcharge, Defendants engaged in a fraudulent practice known as 'double dipping." Fuel costs, like other overhead, are built into the prices Defendants charge their customers. These costs are inherent in the nature of Defendants' business, and Defendants take into account the cost of fuel when determining what prices they charge customers, just as they take into account other overhead. Thus, Defendants are double dipping; charging for the cost of fuel in the rate, and then charging for the purported actual or increased costs of fuel in the rate, and then charging for the purported actual or increased cost of fuel again through the unlawful "fuel surcharge.") *Id.* ¶ 23.

24. Based upon the allegations in Plaintiff's Class Action Complaint described in ¶ 23 above, as well as the two (2) to six (6) year statutes of limitation applicable to Plaintiff's alleged misrepresentation, suppression, unjust enrichment and breach of contract claims (as applicable), Plaintiff challenges the entire amount of the fuel surcharge paid by the following putative class:

> All Alabama persons and/or Alabama entities who paid "fuel surcharges" and/or other similar charges to Sysco Defendants from March 2011 through May 2017;

> and/or

> All Alabama persons and/or Alabama entities who entered into a written contract with Sysco Central Alabama, Inc., Sysco Gulf Coast, Inc. and/or Sysco Corporation who paid "fuel surcharges" and/or other similar charges to Sysco Defendants from March 2011 through May 2017.

25. In addition to being correctly tied to the longer six (6) year contract statute of limitation, the March 2011 start date is also correct because Sysco Corporation began assessing

fuel surcharges in March 2011, and the May 2017 end date is correct because Plaintiff's Class Action Complaint was filed May 31, 2017. See Gourley Declaration attached as **Exhibit "B"**.

26.     Sysco disputes Plaintiff's characterization of the fuel surcharge, denies Plaintiff's allegations and claims, denies class certification is appropriate, denies liability and denies Plaintiff or any member of the putative class is entitled to any damages whatsoever. Without prejudice to Sysco's continued reservation of all its defenses to liability, damages and class certification in this action, under CAFA, <u>the pertinent question is what is in controversy in the case</u>, not how much (if any) the Plaintiff is likely to recover in the State Court Action. As a first step, Sysco has calculated (a) the amount of Fuel Surcharges, (b) paid to Sysco affiliates by all persons or entities residing in Alabama, (c) between July 2013 and May 2017. As detailed in the Gourley Declaration attached as **Exhibit "B,"** the total amount of fuel surcharges that include Sysco Gulf Coast, Inc. (Alabama customers only) and Sysco Central Alabama, Inc. customers is **$4,159,445**. The report attached as **Exhibit "1"** to the Gourley Declaration and the amounts referred to hereinabove do not attempt to set forth any fuel revenue derived from charges other than the one type of fuel surcharged challenged in Plaintiff's Class Action Complaint.[3]

27.     This is only the first step because the relevant time frame which Plaintiffs' Class Action Complaint has placed in controversy is from March 2011 through May 2017, but the report attached to the Gourley Declaration as **Exhibit "1"** only covers July 2013 through May 2017, so estimates of fuel surcharges using a simple average calculation are used for FY 2012 (which begins July 1, 2011 and ends June 30, 2012) and for FY 2013 (which begins July 1, 2012

---

[3] As further explained in the Gourley Declaration, the $4,159,445 figure reflects fuel surcharges paid during the time period of July 2013 to May 2017 by persons or entities residing in Alabama to the Sysco affiliates that service Alabama customers—Sysco Central Alabama, Inc. and Sysco Gulf Coast, Inc.. Sysco Gulf Coast, Inc., services customers in both Florida and Alabama. The amount paid in fuel surcharges by Alabama customers has been segregated from the amount paid to Sysco Gulf Coast by persons or entities residing in Florida.

and ends June 30, 2013). The estimated fuel surcharge revenue for FY 2012 as calculated by Sysco Corporation is **$1,092,350** and the estimated fuel surcharge revenue for FY 2013 as calculated by Sysco Corporation is **$1,092,350**. When these fuel surcharge estimates are added to the actual **$4,159,445** amount shown on Gourley Declaration **Exhibit "1"**, the total fuel charges amount in controversy equals **$6,344,145**[4] for July 2011 through May 2017. See Gourley Declaration **Exhibit "2"** for a breakdown of the numbers used to arrive at the **$6,344,145** total amount in controversy. These figures include the **$4,159,445** amount Sysco Corporation records reflect was already paid for the fuel surcharge challenged by Plaintiff's Class Action Complaint for July 2013 through May 2017, and estimates the amounts paid for the fuel surcharge challenged by Plaintiff's Class Action Complaint for July 2011 through June 2013 at **$2,184,700**, to arrive at the total amount in controversy of **$6,344,145**, exclusive of interest, attorney's fees and costs.

28.     The final step involves calculating attorneys' fees that would result in a fee award if the Plaintiff were successful through litigation or settlement, which adds even more to the total amount in controversy. Alabama recognizes two principal kinds of equitable attorney's fee shifting as exceptions to the "American rule", the "common fund" doctrine which authorizes the trial court to deduct as an attorney's fee a reasonable percentage of at least 20% of a common fund that the class representatives have collected for distribution among the class, and the "common benefit" doctrine which permits an award of fees to be paid by the defendant, independent of any fund, when the plaintiffs have conferred some kind of benefit on the public. *Davis v. Carl Cannon Chevrolet*, 182 F.3d 792 (11th Cir. 1999); *Leonard v. Enterprise Rent A*

---

[4] This figure excludes transportation revenue described by any other term, such as delivery, pickup, mileage, freight, etc. and fuel revenue associated with refueling fees paid in advance of the rental, as well as other charges associated with the refueling, such as fuel delivery fees, and fuel charges for propane tank rentals and refills of propane tanks.

11

*Car*, 279 F. 3d 967 (11th Cir. 2002). *Carl Cannon Chevrolet* and *Enterprise Rent A Car* were both decided before the enactment of CAFA which allowed for aggregation to establish CAFA jurisdiction, while pre-CAFA diversity jurisdiction law did not permit aggregation at all. In both *Carl Cannon Chevrolet* and *Enterprise Rent A Car,* the Eleventh Circuit held that Alabama courts had applied the "common benefit" doctrine to require the defendant to separately pay attorney's fees to class counsel only where the Alabama courts had found there to be a benefit conferred upon the general public, which the Eleventh Circuit held did not apply to either of those lawsuits. *See Board of Education v. Waldrop*, 840 So.2d 893, 897 (Ala. 2002). In contrast, Plaintiff's Class Action Complaint plainly contends that that Plaintiff is conferring a benefit upon the public by using this lawsuit to go after the Sysco Defendants for "widespread and systematic practice of charging excessive amounts" for the fuel surcharge fees at issue, which Plaintiff contends is "inequitable", "fraudulent", "unjust" and "unconscionable", and which Plaintiff further alleges constitutes "a pattern and practice of this conduct through Alabama," whereby "many other Alabama small businesses have been forced to pay the misrepresented, excessive and deceptive 'fuel surcharges'" Plaintiff's Class Action Complaint ¶¶ 1, 13, 19, 20, 21, 22, 23, and 24. Sysco Defendants are certainly faced with a plausible prospect that Plaintiff will see to recover attorney's fees from the Sysco Defendants under the "common benefit" doctrine, in which case Plaintiff's attorney's fees should be included as an additional amount in controversy for purposes of determining jurisdiction under CAFA.

29.     The Eleventh Circuit has itself cited to a study which found the average attorney fee recovery is 21.9% of the total recovery. *See Allapattah SvCs., Inc. v. G.G.S. K., Inc.*, 362 F.3d 739 (11th Cir. 2004)(citing Theodore Eisenberg & Geoffrey P. Miller, *Attorney's Fees in Class Action Settlements: an Empirical Study* (2003). A 21.9% attorney's fee award based upon

the $6,344,145 amount of fuel surcharges in controversy set forth in the Gourley Declaration would add an additional $1,268,829 to the total amount in controversy. Even more on point, attached as **Exhibit "C"** hereto are Class Action Settlement Notices from five (5) proposed fuel surcharge class action settlements, four (4) or which involved Plaintiff's counsel firm of McCallum, Methvin & Terrell, P.C., which on average sought an even higher one-third (33 1/3%) of settlement fund Attorney's fee award. *See Attorney's Fee Chart* and selected supportive class action settlement documentation attached as **Exhibit "C"** hereto[5]. In *Camden I Condominium Association v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), the Eleventh Circuit observed that a 25% "bench mark" percentage fee award was often awarded by district courts in common fund class action cases. *Id.*[6] at 774-75. Accordingly, a plausible range of attorney's fees to be added to the total amount in controversy ranges from $1,268,829 (21.9%), includes $1,586,036 (25%), and is as high as $2,112,600 (33 1/3%), based upon the $6,344,145 in March 2011 to May 2017 fuel surcharges.

30. In sum, if Plaintiff's plausible "common benefit" doctrine attorney's fees are included in calculating the total amount in controversy for CAFA removal jurisdiction purposes, then **$1,268,829 (21.9%)**, **$1,586,036 (25%)** or as high as **$2,112,600 (33 1/3%)** can plausibly be added to the $6,344,145 amount of fuel surcharges from the Gourley Declaration, and this would result in a total amount in controversy arising from the claims at issue in Plaintiff's Class Action Complaint for March 2011 through May 2017 of between **$7,621,974** and **$8,456,745**.

---

[5] The Chart at **Exhibit "C"** has **Attachment Nos. 1-5,** which are copies of the *Notices of Class Action Settlements* for each of the cases listed in the Chart. In the "How will the lawyers be paid?" section the manner of calculating the attorney's fee award for class counsel in each case is set forth. **Chart Attachment No. 6** is a *Memorandum of Law in Support of Plaintiff's Unopposed Motion for Award of Attorney's Fees* that was filed in that Kansas federal case which contains citations to authority and argument from class counsel in that case in support of a one-third of settlement fund attorney's fee award.
[6] Brian T. Fitzpatrick's *An Empirical Study of Class Action Settlements and Their Fee Awards*, Vo. 7, Issue 4, Journal of Empirical Legal Studies (Dec. 2010)(copy attached as **Exhibit "D"**) observed that the mean percentage of settlement awarded as fees in the Eleventh Circuit was 28.1% and the median was 30%.

41970416;2

31. CAFA's expanded jurisdiction only applies to class actions comprised of 100 or more members in the aggregate. Plaintiff alleges that the "number of putative members of each class exceeds 60 members" and "is so numerous that separate joinder of each member is impracticable." Plaintiff's Class Action Complaint. ¶¶ 14, 16. As set forth in the Gourley Declaration, affiliates of Sysco Corporation (specifically Sysco Central Alabama, Inc. and Sysco Gulf Coast, Inc.) have well over 100 customers that are Alabama residents who paid the disputed "fuel surcharge" during the time period at issue. 28 U.S.C. § 1332(d)(5)(B). *See e.g., Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 n.4 (11th Cir. 2006) (finding that the notice of removal—which stated that the putative class members numbered in the thousands—satisfied 28 U.S.C. § 1332(d)(5)(B)). The Gourley Declaration further demonstrates that Sysco Corporation business records show that the number of Sysco Gulf Coast, Inc. customers shipped to in Alabama is 2,023 since July 2013 (which represents only part of the relevant class period), and the number of Sysco Central Alabama, Inc. customers shipped to in Alabama was 2,732 in FY 2012, 2,660 in FY 2013, 2,558 in FY 2014, 2,424 in FY 2015, 2,419 in FY 2016 and 2,247 in FY 2017.

32. None of CAFA's discretionary or mandatory exceptions to jurisdiction apply here because, as discussed above, Sysco Corporation is a citizen of Delaware and Texas. *See* 28 U.S.C. §§ 1332(d)(3)-(d)(4).

33. Accordingly, because the State Court Action is a putative class action with 100 or more class members, is between citizens of different states, and places more than $5,000,000 in controversy, removal is proper pursuant to 28 U.S.C. §§ 1332(d) and 1453.

WHEREFORE, Sysco Defendants hereby remove the State Court Action from the Barbour County Circuit Court, Eufaula Division.

Respectfully submitted, June 29, 2017.

_____
Michael B. Beers
Carol T. Montgomery
BUTLER SNOW
250 Commerce St., Suite 100
Montgomery, Alabama 36104

T. Todd Pittenger, Esq. (*Pro Hac Vice to be filed*)
Florida Bar No.: 0768936
email: todd.pittenger@akerman.com
London L. Ott, Esq. (*Pro Hac Vice to be filed*)
Florida Bar No.: 95058
email: London.ott@akerman.com
**AKERMAN LLP**
420 South Orange Avenue
Suite 1200
Orlando, FL 32801-4904
Phone: (407) 423-4000
Fax: (407) 843-6610
*Attorneys for the SYSCO DEFENDANTS*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of June, 2017, I filed the foregoing document with the United States District Court for the Middle District of Alabama, Northern Division, which will serve a copy on counsel of record; and, I further certify that I furnished a copy of the foregoing by *Electronic Mail* to:

| | |
|---|---|
| Courtney Cooper Gipson<br>Robert G. Methvin, Jr.<br>Rodney E. Miller<br>Patrick C. Marshall<br>MCCALLUM, METHVIN & TERRELL, P.C.<br>2201 Arlington Avenue South<br>Birmingham, Alabama 35205<br>Telephone: (205) 939-0199<br>Facsimile: (205) 939-0399<br>cgipson@mmlaw.net<br>rgm@mmlaw.net<br>rem@mmlaw.net<br>pmarshall@mmlaw.net<br>*Attorneys for Plaintiff* | Richard A. Harrison<br>Law Offices of Richard A. Harrison<br>104 East Broad Street<br>Eugaula, Alabama 36027<br>Telephone: (334) 687-4824<br>Facsimile: (334) 687-4826<br>*Attorneys for Plaintiff* |

_____