ELECTRONICALLY FILED
3/22/2017 3:04 PM
69-CV-2017-900023.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

## IN THE CIRCUIT COURT OF BARBOUR COUNTY,
### EUFAULA DIVISION

BARB'S COUNTRY KITCHEN, LLC                )
                                           )
    Plaintiff,               )
                                           )
v.                                         )     Civil Action No.: _____
                                           )
SYSCO CENTRAL ALABAMA, INC.,               )
SYSCO CORPORATION and                      )
FICTITIOUS DEFENDANTS "A,"                  )
"B," and "C,"                              )
                                           )
    Defendants.              )

### COMPLAINT

COMES NOW the Plaintiff, Barb's Country Kitchen, LLC, and files this Complaint against the Defendants, Sysco Central Alabama, Inc. and Sysco Corporation (hereinafter collectively referred to as "Defendants") and other fictitious parties as set out herein. In support thereof, Plaintiff states the following:

### NATURE OF THE CASE

1.    Through a fraudulent and unlawful course of conduct, Defendants charged and collected improper "fuel surcharges" from Plaintiff. Defendants have a pattern and practice of charging these fraudulent fees to many small businesses like Plaintiff throughout Alabama. The "fuel surcharge" has no relation to Defendants' fuel costs or to any purported increase in those costs. It is neither a "surcharge" nor is it related to "fuel." Rather, it is a profit-generating device Defendants created and charge solely to increase their revenue. The only reason Defendants call this fee a "fuel surcharge" rather than an "extra profit fee" is to deceive Plaintiff and their customers into believing that this is a legitimate, lawful surcharge rationally related to

1

Defendants' actual or increased fuel costs, when, in fact, it is not. Defendants made misrepresentations, and suppressed material information, regarding the fuel surcharge.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action. Defendants do business in the State of Alabama and received and continue to receive substantial revenue and profits from the improper fees and charges in the State of Alabama. Defendant's transacted business in the Eufaula Division of Barbour County, Alabama, received revenue and profits from the improper fees charged in the Eufaula Division of Barbour County, Alabama, and further made material omissions and misrepresentations, as well as engaged in other misconduct, in the Eufaula Division of Barbour County, Alabama.

3.      Venue in this case is proper in the Eufaula Division of Barbour County, Alabama, in that a substantial portion of the conduct, which forms the basis of this action, occurred in the Eufaula Division of Barbour County, Alabama, and the Plaintiff is located in the Eufaula Division of Barbour County, Alabama.

## PARTIES

4.      Plaintiff Barb's Country Kitchen, LLC is an Alabama company with its principal place of business in Eufaula, Alabama.

5.      Defendant Sysco Central Alabama, Inc., f/k/a Sysco Food Services of Central Alabama, Inc., is a Texas corporation authorized to do business in Alabama with its principal place of business at 1390 Enclave Parkway, Houston, TX 77077. It may be served via its registered agent, CSC-Lawyers Incorporating Srvc Inc., at 150 South Perry Street, Montgomery, AL 36104.

6.      Defendant Sysco Corporation is a Delaware corporation authorized to do business in Alabama with its principal place of business at 1390 Enclave Parkway, Houston, TX. It may be served via its registered agent, CSC-Lawyers Incorporating Srvc Inc., at 150 South Perry Street, Montgomery, AL 36104.

7.      Defendants fictitiously described as "A," "B," and "C," are otherwise unknown to Plaintiff at this time, or if their identities are known to Plaintiff at this time, their identity as proper party defendants is not known to Plaintiff at this time, but their true and correct names will be substituted by amendment when such information is ascertained. It is alleged that all Defendants are responsible for the actions or inactions of the other Defendants and the above fictitious parties under the doctrines of respondeat superior, joint and several liability, conspiracy, agency and/or other doctrines. It is further alleged that the fictitious parties are responsible for the actions or inactions of all Defendants and their agents and employees under the doctrines of respondeat superior, joint and several liability, conspiracy, agency and/or other doctrines.

8.      At all relevant times, Defendants were agents, representatives and/or employers of fictitious parties. In committing the acts alleged herein, Defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge and perpetrated and/or conspired with and/or aided and abetted the unlawful, improper, and fraudulent acts described herein.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a small, independently owned business in Eufaula, Alabama. Collectively, Sysco Central Alabama, Inc. and its parent, Sysco Corporation, comprise a large

3

business—with billions in sales[1]—and are in the business of selling food and restaurant supplies to Plaintiff and other Alabama customers.

10.    Defendants routinely and systematically charge their customers a "fuel surcharge." Plaintiff was charged and paid this fee multiple times, including from January to August 2016.[2] Although the cost of fuel fluctuates and the number of items ordered by Plaintiff varied throughout this time period, Plaintiff was consistently charged $5.00 on its January-August 2016 invoices for a "fuel surcharge." This amount is excessive and not related to Defendants' actual or increased fuel costs.

11.    Defendants' charging and collecting of the "fuel surcharge" is fraudulent, and Defendants have made multiple misrepresentations and omitted material facts regarding the fuel surcharge in furtherance of their fraudulent scheme. To make the fuel surcharge appear legitimate, Defendants misrepresent the nature, purpose and effect of the fuel surcharge to Plaintiff and their other Alabama customers. Despite Defendants' representations, the fuel surcharge bears absolutely no relationship to Defendants' actual or increased cost of fuel. Defendants have done no legitimate analysis to determine the proper amount of the fuel surcharge in connection to their fuel costs. Defendants named this fee a "fuel surcharge" to create the false impression that the fee is a legitimate charge, rationally and reasonably related to the actual or increased fuel costs Defendants incur in providing services. However, as alleged herein, this is untrue.

---

[1] *See, e.g.*, http://www.sysco.com/aboutus/OnlineAnnual2015/Sysco-2015-Annual-Report.html.

[2] The specific dates for which Plaintiff was charged a fuel surcharge include January 14, 2016, February 29, 2016, March 3, 2016, March 7, 2016, March 24, 2016, March 28, 2016, March 31, 2016, April 4, 2016, April 7, 2016, April 11, 2016, April 14, 2016, April 18, 2016, April 21, 2016, April 25, 2016, April 28, 2016, May 2, 2016, May 5, 2016, May 9, 2016, May 12, 2016, May 16, 2016, May 23, 2016, May 26, 2016, May 30, 2016, June 2, 2016, June 6, 2016, June 9, 2016, June 13, 2016, June 16, 2016, June 20, 2016, June 23, 2016, June 27, 2016, June 30, 2016, July 4, 2016, July 7, 2016, July 11, 2016, July 14, 2016, July 18, 2016, July 25, 2016, July 28, 2016, August 1, 2016, August 8, 2016, August 11, 2016, August 15, 2016, August 18, 2016, August 22, 2016, and August 25, 2016.

12.     The term "fuel surcharge" itself is a misrepresentation as this fee is neither a "surcharge" nor is it related to Defendants' actual or increased cost of fuel. Defendants make this misrepresentation on every invoice they send to Plaintiff which bears the falsely labeled "fuel surcharge," including invoices sent from January to August 2016. The invoices provide no explanation of the fuel surcharges. Rather, the "fuel surcharge" is simply listed as a line item directly under the various food and restaurant items ordered by Plaintiff. The "fuel surcharge" is identified as "MISC CHARGES." Plaintiff paid these invoices, including the "fuel surcharges."

13.     Defendants also suppressed material facts in their effort to have the "fuel surcharge" appear to be a legitimate fee. Among these, include Defendants' suppression that the fuel surcharge is a profit device, that the fuel surcharge is not related to their actual or increased costs of fuel, and that Defendants will charge the fuel surcharge regardless of the price of fuel.

14.     Finally, by charging the fuel surcharge, Defendants engaged in a fraudulent practice known as "double-dipping." Fuel costs, like other overhead, are built into the prices Defendants charge their customers. These costs are inherent in the nature of Defendants' business, and Defendants take into account the cost of fuel when determining what prices they charge customers, just as they take into account other overhead. Thus, Defendants are double dipping: charging for the cost of fuel in the rate, and then charging for the purported actual or increased cost of fuel again through the unlawful "fuel surcharge."

15.     Defendants have a pattern and practice of this conduct throughout Alabama. Many other Alabama small businesses have been forced to pay the misrepresented, excessive, and deceptive "fuel surcharges."

## FIRST CAUSE OF ACTION

### MISREPRESENTATION

16.    Plaintiff adopts, re-alleges and incorporates herein each and every allegation in

Paragraphs 1 through 15, as though fully set forth herein.

17.    Defendants intentionally, recklessly or negligently misrepresented the nature,

purpose, and effect of the "fuel surcharges," as set out herein. Defendants misrepresented these

fees as being related to their actual or increased fuel costs, while in fact these fees are simply

profit devices unrelated to any actual or increased fuel costs Defendants may incur. The "fuel

surcharges" are not surcharges at all. Defendants made these misrepresentations multiple times,

including by charging Plaintiff these misnamed fees on written invoices sent during the months

of January through August 2016. Defendants are responsible for these misrepresentations.

18.    By intentionally, recklessly or negligently misrepresenting the nature of the "fuel

surcharges," Defendants have taken advantage of Plaintiff who was misled into paying such fees.

Plaintiff has been directly and proximately damaged by Defendants' misrepresentations. Further,

Defendants engaged in a pattern and practice of this wrongful conduct throughout Alabama.

WHEREFORE, premises considered, Plaintiff seeks to recover all damages stemming

from such violations, including all applicable compensatory and punitive damages.

### SECOND CAUSE OF ACTION

### SUPPRESSION

19.    Plaintiff adopts, re-alleges and incorporates herein each and every allegation in

Paragraphs 1 through 18, as though fully set forth herein.

20.    At all times material hereto, Defendants were under a duty to communicate the

true nature, purpose, and effect of the "fuel surcharges." In violation of this duty, Defendants

suppressed or concealed from Plaintiff and their other Alabama customers the true nature,

purpose, and effect of the "fuel surcharges," including that these fees are not related to any actual or increased fuel costs Defendants might incur, that these fees are not surcharges, and that these fees operate as profit centers for Defendants. Defendants suppressed these material facts each time they sent an invoice to Plaintiff charging a "fuel surcharge" (including on invoices from January to August 2016). At the time, Defendants suppressed this information from Plaintiff, Defendants knew or should have known that they were under a duty to communicate the true nature of the "fuel surcharge."

21.     By suppressing the true nature of the fees and charges and not disclosing material information concerning the "fuel surcharges," Defendants have taken advantage of Plaintiff, who based upon such omissions was misled into paying such fees. Plaintiff has been directly and proximately damaged by Defendants' suppression.

22.     Further, Defendants have engaged in a pattern and practice of this wrongful conduct throughout Alabama.

WHEREFORE, premises considered, Plaintiff seeks to recover all damages stemming from such violations, including all applicable compensatory and punitive damages.

### THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT

23.     Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 22, as though fully set forth herein.

24.     Defendants, by suppressing from Plaintiff the material facts set forth herein, by misrepresenting the material facts set forth herein, and by engaging in the other unlawful and wrongful conduct set out herein:

a.      created or confirmed an impression in Plaintiff which was false and which Defendants did not believe to be true;

b.  failed to correct a false impression, which Defendants previously created or affirmed;

c.  failed to correct a false impression, which Defendants were under a duty to correct;

d.  prevented Plaintiff from acquiring information and/or

e.  engaged in the improper actions and/or inactions set out herein.

25.  Such excessive and wrongful "fuel surcharges" charged to Plaintiff have resulted in Defendants obtaining money, which in equity and good conscience, belongs to Plaintiff.

26.  As a direct result thereof, Defendants have been unjustly enriched, and Plaintiff has been damaged and seeks recovery of all monies improperly procured, plus interest

WHEREFORE premises considered, Plaintiff seeks to recover all damages resulting from such violations.

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT

27.  Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 26, as though fully set forth herein.

28.  A valid, enforceable contract exists between Plaintiff and Defendants. Defendants breached this agreement by charging and collecting the "fuel surcharge" fees.

29.  Defendants' breach damaged Plaintiff by causing it to pay excessive, unearned and unnecessary fees and charges. Plaintiff is entitled to compensatory damages in an amount equal to the improper and excessive fees and charges paid to Defendants, plus interest.

WHEREFORE premises considered, Plaintiff seeks to recover all damages resulting from such violations.

8

PLAINTIFF MAKES NO CLAIMS PURSUANT TO FEDERAL LAW OR WHICH WOULD GIVE RISE TO ANY FEDERAL CAUSE OF ACTION. PLAINTIFF'S CLAIMS ARE BASED SOLELY UPON STATE LAW. ADDITIONALLY, PLAINTIFF DOES NOT MAKE ANY CLAIM FOR RELIEF, INCLUDING EQUITABLE RELIEF, MONETARY DAMAGES, AND PUNITIVE DAMAGES, IN EXCESS OF $74,500.00. UNDER NO CIRCUMSTANCES WOULD THE TOTAL AMOUNT OF RELIEF EXCEED $74,500.00. EVEN IF PLAINTIFF RECOVERED UNDER EACH COUNT OF THE COMPLAINT, THE TOTAL RECOVERY WOULD NOT EXCEED $74,500.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

Dated:   March 22, 2017

/s/Richard A. Harrison
Richard A. Harrison (HAR176)
*Attorney for Plaintiff*

Richard A Harrison LLC
Attorney at Law
104 East Broad Street
Eufaula, Alabama 36027
P: 334.687.4824
F: 334.687.4823

9

## DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL

**Sysco Central of Alabama, Inc.**
c/o CSC-Lawyers Incorporating Srvc Inc.
150 South Perry Street
Montgomery, AL 36104

**Sysco Corporation**
c/o CSC-Lawyers Incorporating Srvc Inc.
150 South Perry Street
Montgomery, AL 36104

10



**DAVID S. NIX**
**STATE of ALABAMA**
**UNIFIED JUDICIAL SYSTEM**
**BARBOUR COUNTY COURTHOUSE**
**ROOM 201**
**303 E. BROAD STREET**
**EUFAULA, ALABAMA 36027**



CERTIFIED MAIL

7016 2710 0001 1192 0284

NEOPOST
03/23/2017
US POSTAGE $006.98º



ZIP 36027
041M11274193