## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| BARB'S COUNTRY KITCHEN, LLC, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | **CIVIL ACTION NO.: 2:17-cv-00413-WC** |
| SYSCO CENTRAL ALABAMA, INC., SYSCO CORPORATION and FICTITIOUS DEFENDANTS "A," "B," AND "C,", | ) ) ) ) ) | |
| DEFENDANTS. | ) ) | |

### DEFENDANTS' MOTION TO DISMISS AMENDED AND RESTATED COMPLAINT WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Sysco Central Alabama, Inc. and Sysco Corporation (collectively "Sysco") move the Court to dismiss all counts of the Amended and Restated Class Action Complaint for failure to state a claim upon which relief can be granted.

### INTRODUCTION

This litigation commenced on March 22, 2017, when Plaintiff Barb's Country Kitchen, LLC ("Plaintiff") filed a Complaint in the Circuit Court of Barbour County, Alabama, in the civil action styled *Barb's Country Kitchen, LLC v. Sysco Central Alabama Inc., et al.*, Civil Action No. CV-2017-900021, asserting claims for Misrepresentation, Suppression, Unjust Enrichment, and Breach of

Contract stemming from an expressly disclosed "fuel surcharge" that Sysco charged Plaintiff.  Sysco moved to dismiss Plaintiff's claim in the state court action on May 12, 2017.  Plaintiff, whose alleged damages are minimal,[1] then amended and restated its Complaint alleging the same causes of actions as a putative class action.[2] Regardless of whether this action is appropriate for class certification (which it is not),[3] Plaintiff's alleged claims fail as a matter of law and should be dismissed for a number of reasons.

**First**, Plaintiff fails to state a claim for misrepresentation and suppression. Because the fuel surcharges were disclosed, Plaintiff cannot demonstrate reasonable reliance on any misrepresentation or suppression, and Sysco owed no duty to disclose the allegedly suppressed information.

---

[1] Invoices referenced in the Amended and Restated Class Action Complaint show that Sysco charged Plaintiff $230 in fuel surcharges from January-August 2016.  *See* Amended and Restated Class Action Complaint, ¶ 19 n. 2 and **Exhibit "A"** attached hereto.

[2] On June 29, 2017, Sysco removed this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1453.

[3] *See Gray v. H.A.S.*, 18 F. Supp. 2d 1320, 1323–24 (M.D. Ala. 1998) (Carroll, J.) (citing *Kerr v. AmSouth Bancorporation*, 717 So.2d 357, 364 & n. 8 (Ala.1998) (class treatment of a fraud action is often regarded as inappropriate)); *See Houston Cnty Health Auth. v. Williams*, 961 So. 2d 795, 814 (Ala. 2006) ("suppression cases are rarely, if ever, eligible for class-action treatment"); *The Alabama Dental Ass'n v. Blue Cross & Blue Shield Of AL, Inc.*, No. 205-CV-1230-MEF, 2007 WL 25488, at *10 (M.D. Ala. Jan. 3, 2007) (Fuller, J.) (citations and quotations omitted) (unjust enrichment claims require an individualized inquiry making these claims inappropriate for class action treatment); *Ex parte Gov't Employees Ins. Co.*, 729 So. 2d 299, 304 (Ala. 1999) (citing several cases) (breach of contract claim not suited for resolution under Rule 23).

The fact that the fuel surcharges were disclosed to Plaintiff is, by itself, fatal to its misrepresentation and suppression claims.  In fact, Plaintiff was aware of the existence of the fuel surcharges because Sysco prominently listed such charges as a separate line item on invoices in the following manner:

MISC CHARGES   CHGS FOR FUEL SURCHARGE                                   5.00

*See* January-August Invoices to Barb's Country Kitchen attached hereto as **Exhibit "A."**[4] Plaintiff signed each invoice and thereby acknowledged and agreed to pay the fuel surcharges that Sysco imposed.  Because the fuel surcharges were disclosed, no actionable misrepresentation or suppression claim exists.

Plaintiff also cannot demonstrate reasonable reliance on any misrepresentation or suppression by Sysco.  Plaintiff was in possession of the alleged fraudulent information – a fuel surcharge appeared on each invoice – and therefore cannot complain that it was misled into paying the charges.  Furthermore, Plaintiff cannot prove the third element of its suppression claim because the parties' relationship was at arm's length.  Without a confidential relationship between the parties or other special circumstances, Sysco owed no duty to disclose

---

[4] The referenced invoices are central to Plaintiff's claims against Sysco and, therefore, can be attached to this motion without converting it to a motion for summary judgment. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.").

the alleged suppressed information.

**Second**, Plaintiff lacks Article III standing because Plaintiff cannot establish an injury in fact, any causal conduct on which to base its claim, or any causal connection between the alleged injury and the causal conduct.

**Third**, even if Plaintiff's claims were substantively viable (which they are not), Plaintiff's fraud claims fail because they fail to meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  Plaintiff does not allege what exactly Sysco misrepresented, when the misrepresentations were made, where it made any alleged misrepresentation, or how it supposedly deceived its customers.  Because generalized and conclusory allegations of deception and unfairness are insufficient to state claims rooted in fraud, Plaintiff's claims fail under Rule 9(b).

**Fourth**, because Plaintiff's Amended and Restated Class Action Complaint offers only conclusory allegations and does not allege any supporting facts, it also fails to meet the basic pleading standards of Federal Rule of Civil Procedure 8(a).

**Fifth**, Plaintiff's unjust enrichment claim fails because it is quasi-contractual in nature and cannot be asserted where, as here, the relationship between the parties is governed by an express contract.

**Finally**, Plaintiff's breach of contract claim is barred by the voluntary payments doctrine.  Under Alabama law, Plaintiff cannot voluntarily pay the fuel surcharges without objection and then claim breach of contract on that basis.

## STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint must cross "the line between possibility and plausibility of entitlement to relief."   *Id.* at 554, 556 (citations omitted).   Further, legal conclusions must be supported by factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Notably, mere "labels and conclusions" are not accepted as true. *Id.* at 678.  Nor do courts need to accept as true a "legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citations omitted).  The conclusory nature of such allegations "disentitles them to the presumption of truth."  *Iqbal*, 556 U.S. at 681.

## ARGUMENT

### I.   Plaintiff Fails to State a Claim for Misrepresentation and Suppression.

To recover for fraud arising from an alleged misrepresentation under Alabama law, a Plaintiff must establish: (1) a misrepresentation of material fact,

(2) made willfully to deceive, (3) that was reasonably relied upon by the Plaintiff under the circumstances; and (4) that proximately caused damages.  *See Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1270 (11th Cir. 2003), *certified question answered sub nom. Byrd v. Dillard's, Inc.*, 892 So. 2d 342 (Ala. 2004) (citing *Brushwitz v. Ezell*, 757 So. 2d 423 (Ala. 2000)); Ala. Code § 6–5–101 (1975) ("Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.").

The elements of a fraudulent suppression claim similarly require (1) that the defendant had a duty to disclose the material existing fact; (2) that the defendant suppressed this material fact; (3) that the defendant's suppression of this fact induced the plaintiff to act or to refrain from acting; and (4) that the plaintiff suffered actual damage as a proximate result."  *See Pearson's Pharmacy, Inc. v. Express Scripts, Inc.*, 505 F. Supp. 2d 1272, 1278 (M.D. Ala. 2007); Ala. Code 1975, § 6–5–102 ("Suppression of a material fact which the party is under an obligation to communicate constitutes fraud.  The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case.").  Where the parties deal at arm's length, rather than in a confidential relationship, no duty to disclose arises when the information is not requested.  *See Pearson's Pharmacy,* 505 F. Supp. 2d at 1278; *see also Shutter*

- 6 -

*Shop, Inc. v. Amersham Corp.*, 114 F.Supp.2d 1218, 1225 (M.D.Ala.2000) ("Alabama law presumes that the parties are capable of handling their own affairs and guarding their interests by asking reasonably specific, direct questions that will satisfy their need for information.")

### A. The "Fuel Surcharge" Is Not a Misrepresentation or Suppression of Material Fact Because It Was Specifically Disclosed to Plaintiff.

Plaintiff cannot state a claim for misrepresentation or suppression because the fuel surcharges were disclosed to Plaintiff on the invoices it received, signed, and paid.   Amended and Restated Class Action Compl. ¶ 19 ("Plaintiff was consistently charged $5.00 on its January-August 2016 invoices for a 'fuel surcharge.'"); *see* Ex. A.  If charges are disclosed, they cannot be deceptive as a matter of law.  *See Express Oil Change, LLC v. ANB Ins. Servs., Inc.* (933 F. Supp. 2d 1313, 1343 (N.D. Ala. 2013) (citing *Liberty Nat'l Life Ins. Co. v. Ingram*, 887 So. 2d 222, 229 (Ala. 2004) ("If one receives from a defendant documents that put him on notice of the very facts alleged to have been suppressed, then that defendant cannot have suppressed those facts.")).

Alabama case law, and Federal Trade Commission ("FTC") pronouncements, and analogous Florida case law support dismissal of Plaintiff's claims.

*Alabama Case Law*.  In *Braswell Wood Co., Inc. v. Waste Away Group, Inc.*,  this Court addressed allegations similar to those against Sysco in the context of a RICO claim.  No. 09-891, 2010 WL 3168125 (M.D. Ala. Aug. 10, 2010) (Watkins, J.)  In *Braswell*, the plaintiff claimed that fuel, environmental, landfill and other charges levied by the defendant were part of a fraudulent scheme to "double bill" customers.  *Id.* at *2.  Plaintiff further alleged that charging fees with names such as "fuel surcharge" and "environmental charge" constituted misrepresentations because those charges did not correspond to the defendants' increased costs.  *Id.* at *4.  This Court flatly rejected the plaintiff's claim, finding there was no misrepresentation and reasoned as follows:

> [E]ven accepting that the charges were not in accord with the contract, [the plaintiff]'s definition of a "misrepresentation" is exceptionally broad.  **The contract provided for certain types of charges.  The fact that those charges were possible via the terms of the contract cannot have been a misrepresentation in itself. Invoices received by customers reflected that those charges had been levied in various amounts. Neither was that a misrepresentation;** it was entirely true that [the defendant] was levying fuel, landfill, and other surcharges in those amounts.  **Whether those amounts were appropriate or correct under the contract was another matter, but every incipient billing dispute is not a "misrepresentation" from the time a bill is mailed to a customer,** even if the customer ultimately prevails on the merits of the dispute. If, for example, a customer had demanded an explanation of the charges, and [the defendant] had responded with false assertions about the costs of fuel it had incurred, that would be closer to a cognizable misrepresentation.  But to hold that a wrongfully charged fee constitutes, in itself, a misrepresentation, would be to broaden the word's meaning, and the reach of RICO, past the point of meaning.

> Accordingly, no misrepresentation sufficient to state claims for mail
> fraud or wire fraud as predicate acts has been alleged.

*Id.* (emphasis added).

Likewise, in *Singleton v. Protective Life Ins. Co.*, the plaintiffs alleged misrepresentation and suppression based on the allegedly excessive life insurance premiums.  857 So. 2d 803, 814 (Ala. 2003).  The court held that even though the insurer only provided estimates of the premiums due, there was no false representation of a material fact because the method of calculating the premiums was accurately disclosed to the plaintiffs.  *Id.*  Similarly, the suppression claim also failed because "there can be no suppression if the information allegedly suppressed is in a form signed by the party complaining about the suppression."  *Id.* (citing *Locklear Dodge City, Inc. v. Kimbrell,* 703 So.2d 303 (Ala.1997)).

The same reasoning in *Braswell* and *Singleton* applies to this case.  Plaintiff both signed and paid the invoices issued by Sysco, which clearly listed the fuel surcharge.  Because the fuel surcharge was expressly disclosed, Plaintiff's misrepresentation and suppression claims fail as a matter of law.

***FTC Pronouncements and Consent Orders.***  FTC pronouncements and consent orders provide additional support for dismissal of Plaintiff's misrepresentation and suppression claims.  The FTC has not found deception in the fact that such fees may or may not be tethered to actual costs or that the fees generate profit.  Instead, the consent orders indicate that the FTC simply requires

that such fees and charges be disclosed to consumers.  *See* Budget Rent-A-Car Settles FTC Charges; Fuel Fees Levied on Customers Who Returned Rental Cars With a Full Tank, FTC (Nov. 20, 2007), http://www.ftc.gov/news-events/press-releases/2007/11/budget-rent-car-settles-ftc-charges-fuel-fees-levied-customers (noting that rental car company was required to "disclose any fuel-related charge, fee or cost, and how consumers can avoid those charges, if they can"); *In re Dollar Rent-A-Car Sys., Inc*., 116 F.T.C. 255, 261 (1993) (ordering rental car companies to disclose "all fuel charges that are applicable to the contemplated rental and are not reasonably avoidable by consumers, or in the alternative that there are 'additional' or 'other' charges, or that fuel is 'extra.'").  Thus, the FTC has not required disclosure of the profit motive behind a fee or actual cost to the company, but simply <u>requires disclosure of the fact that the fee is charged</u>.

Here, as explained above, the invoices issued by Sysco—and signed by Plaintiff—set forth the fuel surcharge as a separate amount, and the fuel surcharge is included in the total invoice amount.  This express disclosure negates any possible theory of deception, whether by misrepresentation or by omission.

There is no dispute that the fuel surcharges at issue were disclosed to Plaintiff.  Plaintiff has therefore failed to state a claim for misrepresentation or suppression as a matter of law.

***Analogous Florida Case Law***.   In *Berry v. Budget Rent A Car Systems, Inc.*, the plaintiffs brought a putative class action against Budget alleging the company's practice of charging a "cost recovery fee" on top of the daily rental rate violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").[5]   497 F. Supp. 2d 1361, 1363 (S.D. Fla. 2007).   The plaintiff alleged that the "cost recovery fee" was a "'hidden profit center' for Budget, rather than a legitimate means of recouping the cost of licensing and registering its fleet of rental vehicles, because the amount of the fee grossly exceeds the actual cost of vehicle registration and licensing and those costs are already included in the daily rental rates."   *Id.* at 1363-64.

In support of its argument, the plaintiffs relied on *Latman v. Costa Cruise Lines*, 758 So.2d 699 (Fla. 3d DCA 2000), arguing that a company can violate FDUTPA by representing "to a customer that a separate fee is to be paid for a particular purpose, then fail[ing] to use the fee for that purpose or retain[ing] some portion of the fee for itself."   *Id.* at 1367.   The *Berry* court distinguished *Latman*, noting the "port charge" fee in *Latman* was deceptive because the term "port

---

[5] "In order to state a claim under the FDUTPA, a plaintiff must plead the following elements: (1) a deceptive act or practice; (2) causation; and (3) actual damages."   *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1264 (N.D. Fla. 2012) (citing *Rollins v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006)); 501.211, Fla. Stat. (setting forth individual remedies).   While Sysco acknowledges that FDUTPA is a statutory claim not directly at issue here, the "deceptive act or practice" element of FDUTPA is analogous to the conduct challenged by Plaintiff in the instant case. Consequently, an Order dismissing a FDUTPA claim under circumstances similar to those in the instant case is instructive and supports dismissal of Plaintiff's misrepresentation and suppression claims for similar reasons.

charge" "'constitutes a representation to a reasonable consumer that [they] are 'pass-through' charges which the cruise line will pay to the relevant port authority.'" *Id.* (quoting *Latman*, 758 So. 2d at 703). In contrast, the court found that the term "cost recovery fee," in and of itself, did not imply that it was a pass-through fee for a third party. *Id.* the Court explained:

> [T]he term 'cost recovery fee' itself implies that the company will keep the money collected as 'recovery' for its costs. Plaintiffs do allege that the cost recovery fee is purportedly charged for the purpose of recouping Budget's cost of licensing and registering its fleet of rental vehicles, but that the amount of the fee far exceeds the actual cost of licensing and registration. However, in *Latman*, it was not the excess amount of the fee that was deceptive, but rather the fact that the company charged what appeared to be a pass-through fee for a third party but retained a portion for itself. No such allegations have been made in this case.

*Id.* at 1367.

The Court concluded that the cost recovery fee was not deceptive and dismissed the plaintiffs FDUTPA claim *with prejudice,* reasoning that "the simple fact of the [cost recovery fee], and its itemization as a separate charge, is not unfair or deceptive because it was clearly disclosed at the time of the rental." *Id.* The Court also found that plaintiff's allegation that the cost recovery fee was a profit-generating mechanism which bore no relation to Budget's actual costs failed to support a FDUTPA claim. *See id.* at 1366-68.

Here, as explained above, the invoices issued by Sysco—and signed by Plaintiff—set forth the Fuel Surcharge as a separate amount, and the Fuel Surcharge is included in the total invoice amount. This express disclosure negates any possible theory of deception, whether by misrepresentation or by omission. Like the "cost recovery fee" in *Berry*, the term "Fuel Surcharge" was plainly disclosed and does not lead a reasonable consumer to believe that a portion of that fee will go to some other third party.

Although *Berry* involved a claim under Florida's Deceptive and Unfair Trade Practices Act—and not claims for misrepresentation and suppression under Alabama law, *Berry* is still instructive because the fundamental allegations raised by the plaintiffs in *Berry* are analogous to those lodged by the Plaintiff in the instant case. In similar fashion to *Berry*, Plaintiff alleges that Sysco fraudulently imposed a charge that functioned as a profit-generating mechanism and was unrelated to Sysco's actual costs. In both *Berry* and in the instant case, the plaintiffs allege that a company levied a charge and made misrepresentations about the charge's nature and purpose. Consequently, *Berry's* analysis under FDUTPA is applicable to the allegations made by Plaintiffs in support of its misrepresentation and suppression claims. For similar reasons articulated in *Berry*, Plaintiff fails to state a claim for misrepresentation and suppression.

**B. <u>Plaintiff Cannot Prove Reasonable Reliance on the Purported Fuel Surcharge</u>.**

Under Alabama law, a plaintiff must show not only that he relied on the alleged misrepresentation, but also that such reliance was reasonable under the circumstances. *Pace v. Alfa Mut. Ins. Co.*, 178 F. Supp. 3d 1201, 1217 (M.D. Ala. 2016), *order clarified*, No. 2:13-CV-697-WKW, 2016 WL 4419290 (M.D. Ala. Aug. 17, 2016) (citing *Baker v. Metro. Life Ins. Co.*, 907 So. 2d 419, 421(Ala. 2005)). Further, as this Court has recognized, "[i]f the plaintiff […] was already in possession of knowledge and facts which the defendant fraudulently attempted to conceal, he can not [sic] complain that he has been misled." *Cahaba Forests, LLC v. Hay*, 927 F. Supp. 2d 1273, 1289 (M.D. Ala. 2013) (citing *Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co.*, 390 So. 2d 601, 610-11 (Ala. 1980)). Reliance requires that the misrepresentation actually induced the injured party to change its course of action. *See Murphy v. Bank of Am.*, No. 2:13-CV-409-LSC, 2013 WL 12153565, at *4 (N.D. Ala. June 6, 2013) (citing *AstraZeneca LP v. State*, 41 So. 3d 15, 28 (Ala. 2009)). Reasonable reliance is an "essential element" of fraudulent suppression claims in Alabama. *Id.*

Notably absent from the Amended and Restated Class Action Complaint are any allegations that Plaintiff *actuall*y changed its course of action based upon alleged fraud by Sysco. Instead, it is clear that the term "fuel surcharge" appeared on the face of the invoices that were paid by Plaintiff. Amended and Restated

Class Action Compl.  ¶19.

Plaintiff was in possession of the knowledge and facts which it alleges Sysco attempted to conceal, and Plaintiff cannot complain it was misled. Plaintiff has therefore failed to state a claim for misrepresentation or suppression as a matter of law.

### C. **Plaintiff Cannot Prove a Duty to Disclose the Fuel Surcharges**.

As noted above, a fraudulent suppression claim requires proof that the defendant had a duty to disclose based on a confidential relationship or other circumstances of the case.  *See Pearson's Pharmacy,* 505 F. Supp. 2d at 1278.  A confidential relationship has been well-defined by the Alabama Supreme Court as follows:

> [A relationship] in which one person occupies toward another such a position of adviser or counselor as reasonably to inspire confidence that he will act in good faith for the other's interests, or when one person has gained the confidence of another and purports to act or advise with the other's interest in mind; where trust and confidence are reposed by one person in another who, as a result, gains an influence or superiority over the other.

*Pyun v. Paul Revere Life Ins. Co.*, 768 F. Supp. 2d 1157, 1180 (N.D. Ala. 2011) (citing *DGB, LLC v. Hinds*, 55 So.3d 218 (Ala.2010)).  A confidential relationship connotes that the persons are not equal parties in the transaction.  *See id.*  On the other hand, arm's length transactions demand no obligation to disclose information

absent a request for it.  *See Pearson's Pharmacy*, 505 F. Supp. 2d at 1278 (quoting *Mason v. Chrysler Corp.*, 653 So. 2d 951, 954–55 (Ala. 1995)).

Here, Sysco had no duty to disclose the otherwise apparent fuel surcharge. Although Plaintiff alleges that "Defendants knew or should have known that they were under a duty to communicate the true nature of the 'fuel surcharge,'" Plaintiff provides no basis for Sysco's alleged duty to disclose.  *See* Amended and Restated Class Action Compl. ¶ 29.  Nor can Plaintiff prove a confidential relationship or other circumstances justifying a duty to disclose.

Sysco and Plaintiff were equal parties to the transaction, dealing at arm's length, and no duty to disclose arose.  Plaintiff has therefore failed to state a claim for suppression as a matter of law.

## II.   Plaintiff Fails to Allege the Threshold Requirements for Article III Standing.

Plaintiff's lack of damages also means that Plaintiff does not have standing to bring a claim.  "To have standing, a plaintiff must establish (1) an injury in fact, which is concrete and particularized and actual or imminent; (2) a causal connection between the injury and the causal conduct; and (3) a substantial likelihood that a favorable decision will redress the injury." *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1177 (11th Cir. 2009) (citations omitted).  The injury prong of Article III standing requires that a plaintiff "present specific, concrete facts showing that the challenged conduct will result in a demonstrable, particularized

injury to the plaintiff." *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1229 (11th Cir. 2000) (citations omitted). A court cannot speculate concerning the existence of standing or "imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none." *Amnesty Int'l*, 559 F.3d at 1177. If Plaintiff fails to meet its burden, this Court "lacks the power to create jurisdiction by embellishing a deficient allegation of injury." *Miccosukee Tribe*, 226 F.3d at 1230.

Plaintiff cannot allege it suffered any injury because it has not been harmed by the purported internal allocation of surcharge revenues. Plaintiff rests its claims on Sysco's alleged Fuel Surcharge misrepresentations. *See* Amended and Restated Class Action Compl. ¶¶ 25-38. However, as pleaded, no "misrepresentation" exists. Sysco disclosed the Fuel Surcharge by listing it as a separate line item on its invoices. As explained in Section I, above, if charges are disclosed, then, as a matter of law, they cannot be deceptive or misleading.

Plaintiff also cannot establish any "causal conduct" on which to base its claims. Plaintiff's claims are based on the sole allegation that Defendant made misleading representations about the Fuel Surcharge. Amended and Restated Class Action Compl. ¶¶ 18-24. Plaintiff does not allege, nor can it allege, that Sysco represented that any specific portion of the charges would be allocated to cover its fuel costs, or that any portion of the Fuel Surcharge would "pass through" to a third

party.  Plaintiff does not allege that Sysco charged anything other than what it disclosed on its invoices.  Under these facts, there is simply no "misrepresentation."

Because Plaintiff cannot establish an injury in fact or a causal connection, it lacks standing and its claims should be dismissed with prejudice.

### III.    Even if Plaintiff's Fraud Claims Are Valid, It Has Failed to Plead with the Particularity Required by Rule 9(b) of the Federal Rules of Civil Procedure.

Even if Plaintiff's claims are valid, it is well established that Plaintiff's fraud claims must comply with Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The Eleventh Circuit has held that under Rule 9(b), a plaintiff must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud."  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir.2010) (quoting *Brooks*, 116 F.3d at 1380–81).

Plaintiff's claims for misrepresentation and suppression are both subject to the heightened pleading requirements of Rule 9(b).  Although allegations of Sysco's fraudulent conduct permeate the Amended and Restated Class Action

Complaint, Plaintiff has not pled the "what, when, where, and how" of any alleged misrepresentation or suppression of material facts, as Rule 9(b) requires.  Other than alleging that fuel surcharges themselves were fraudulent, Plaintiff fails to allege with any specificity *what* the alleged misrepresentations and suppressions were; *when* any misrepresentations and suppressions regarding the fees were made; *where* Sysco made the misrepresentations and suppressions; and, *how* any misrepresentations and suppressions were made.

Plaintiff's conclusory, baseless allegations amount to nothing more than legal conclusions wholly lacking in factual support.  Consequently, Plaintiff has not satisfied the heightened pleading requirements of Rule 9(b).

## IV.   <u>Plaintiff's Claims Fail to Satisfy Even the Less Stringent Pleading Standards of Rule 8(a) of the Federal Rules of Civil Procedure.</u>

Even if this Court finds that Plaintiff's Complaint does not have to satisfy the heightened pleading standards of Rule 9(b), dismissal is still warranted due to Plaintiff's failure to satisfy even the more relaxed pleading standards of Rule 8(a). "Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint 'must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" *LaCroix v. W. Dist. of Ky.*, 627 Fed. Appx. 816, 818 (11th Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)).  "Rule 8(a)(2)'s purpose is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft*, 556 U.S. at 678 (even under the

liberal pleading standard of Rule 8(a), which only charges a party with making "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's Complaint wholly lacks the factual allegations necessary to meet the pleading requirements of Rule 8(a). Plaintiff merely alleges in a conclusory fashion that the Fuel Surcharges are "deceptive" and "fraudulent," without offering any factual support for these allegations. Plaintiff surmises, without alleging any factual basis for its assumption, that the fees are unrelated to Sysco's actual fuel costs. Plaintiff fails to identify where Sysco represented that the charges are directly related to its actual costs, and how Sysco deceived Plaintiff into believing the charges were related to its fuel costs. Plaintiff also fails to offer any facts to support its assertion that Sysco has done "no legitimate analysis to determine the proper amount of the fuel surcharge in connection to [its] fuel costs." Amended and Restated Class Action Compl. ¶ 20.

When faced with a similar factual scenario and similar scant pleadings, Judge King in the Southern District of Florida dismissed a plaintiff's complaint for failure to allege a violation of Florida's Deceptive and Unfair Trade Practices Act. *See Deere Constr., LLC v. Cemex Constr. Materials Florida, LLC*, No. 15-24375, 2016 WL 2770537 (S.D. Fla. May 12, 2016) (hereinafter "*Deere I*"). A copy of

*Deere I* is attached hereto as **Exhibit "B."**  In *Deere I*, plaintiff brought a putative class action against Cemex, a seller of cement and concrete.  *Deere I*, 2016 WL 2770537, at *1.  In its class action complaint, plaintiff alleged that "in connection with its purchase of concrete, [Cemex] fraudulently, deceptively, and unfairly charged Plaintiff for 'fuel surcharges' and 'environmental charges' that [were] unrelated to [Cemex's] actual or increased fuel or environmental costs."  *Id.* Cemex sought dismissal of the two-count complaint—which brought claims for violation of the FDUTPA and for unjust enrichment—for failure to state a cause of action.  *Id.* at *2-3.  Judge King dismissed plaintiff's FDUTPA claim without prejudge, finding that plaintiff failed to plead sufficient facts to allege a cause of action.  Specifically, Judge King observed:

> [T]he Complaint is light on actual facts and rife with conclusory allegations masquerading as facts.  For instance, there are no factual allegations that Defendant ever made a statement or representation as to the purpose or basis of the fuel or environmental surcharges.  Nor does the Complaint allege that Defendants ever made a statement or representation as to how the surcharges would be calculated.  The Complaint merely states that the terms 'fuel surcharge' and 'environmental surcharge' appear as line items on invoices which Plaintiff paid, then goes on to conclude that the terms themselves 'characterize' the surcharges as something other than what they actually are.

*Id.* at *3.  Judge King concluded that "the Complaint contains no factual allegations which support Plaintiff's subjective belief, and the Court finds nothing

about the terms themselves which compel the conclusions about them which Plaintiff has drawn," and that "the Complaint falls short of alleging a deceptive or unfair practice by [Cemex]." *Id.*[6]

Like *Berry*, *supra*, *Deere I* involved a claim under FDUTPA—and not claims for misrepresentation and suppression under Alabama law. However, *Deere I* is still instructive because, as with *Berry*, the fundamental allegations raised by the plaintiff in *Deere I* are analogous to those lodged by the Plaintiff in the instant case. In similar fashion to *Deere I*, Plaintiff alleges that Sysco fraudulently imposed a Fuel Surcharge that was unrelated to Sysco's actual fuel costs, and that Sysco misrepresented the purpose behind the fee. Consequently, *Deere I*'s analysis as to the adequacy of such allegations is also applicable to the allegations made by Plaintiffs in support of its misrepresentation and suppression claims. For similar reasons articulated by Judge King in *Deere I*, Plaintiff's claims fail to state a claim for relief and should be dismissed.

---

[6] Following Judge King's Order, the plaintiff amended its Complaint, and the case was reassigned to Judge Cecilia Altonaga. *See Deere Constr., LLC v. Cemex Constr. Materials Fla.*, *LLC*, 198 F. Supp. 3d 1332, 1334 (S.D. Fla. 2016) ("*Deere II*") Judge Altonaga denied defendant's motion to dismiss plaintiff's amended complaint. *Id.* Although Judge Altonaga ultimately found Cemex's surcharges were distinguishable from those at issue in *Berry*, at the time Judge Altonaga issued her Order, the Court had the benefit of a twenty-nine page Amended Class Action Complaint—containing more detailed factual allegations—along with sixteen pages of exhibits. *Deere II*, 198 F.Supp.3d at 1337-40; Am. Class Action Compl., June 1, 2016, 1:15-cv-24375-CMA, ECF No. 49.

## V.   The Customer Account Agreement Bars Plaintiff's Quasi-Contractual Claim for Unjust Enrichment.

In the Third Cause of Action in the Amended and Restated Class Action Complaint, Plaintiff seeks to recover damages based on a theory of unjust enrichment.  However, "[w]here a plaintiff has brought claims sounding in both express contract and quasi-contract as to the same subject matter, Alabama courts have deemed the quasi-contract claim not to be cognizable."  *Wells Fargo Bank, N.A. v. Trotman*, 940 F. Supp. 2d 1359, 1369 (M.D. Ala. 2013) (Capel, J.); *see, e.g., Collins v. BSI Fin. Servs.*, No. 2:16-CV-262-WHA, 2016 WL 6776284, at *11 (M.D. Ala. Nov. 15, 2016) (Albritton, J.); *Joiner v. USAA Cas. Ins. Co.*, 2013 WL 84935, at *1 n. 1 (M.D. Ala. Jan. 8, 2013) (dismissing an unjust enrichment claim as there was no dispute that a valid insurance contract existed and a claim based on an implied contract will not lie where there is an express contract); *Gould v. Transamerica Life Ins. Co.*, 2012 WL 512667, at *3 (S.D. Ala. Feb. 15, 2012) ("[I]t is not possible to have a viable unjust enrichment claim when there is an express contract as to the same subject matter").

Here, Plaintiff's quasi-contractual claim is precluded by the existence of an express contract – the Customer Account Application with Sysco Central Alabama. *See* Customer Account Application attached hereto as **Exhibit "C"**; *see also* Amended and Restated Class Action Compl. ¶37 ("A valid, enforceable contract exists between Plaintiff Barb's Country Kitchen, LLC and Defendants, and

between each putative member of the sub-class set forth above and Defendants."). This instrument governs the manner in which Plaintiff pays for the products it purchases.  Specifically, the Terms Agreement provides: "This Credit Agreement applies to all of Customer's purchases of goods and services from Sysco. This agreement consists of these terms and conditions and any distribution agreements, invoices or other Sysco documents approved by Sysco in writing . . . all of which are incorporated in this agreement by reference."  Ex. C, Terms, Conditions & Security Agreement ¶2. The Terms Agreement governs the course of dealing between Plaintiff and Sysco, and Plaintiff has specifically alleged that an enforceable agreement exists between the parties.

Because an enforceable contract exists between Plaintiff and Sysco, Plaintiff's unjust enrichment claim fails as a matter of law.

## VI.   <u>Plaintiff's Breach of Contract Claim Is Barred by the Voluntary Payment Doctrine.</u>

In the Fourth Cause of Action in the Amended and Restated Class Action Complaint, Plaintiff alleges that Sysco breached the contract "by charging and collecting the 'fuel surcharge' fees."  Amended and Restated Class Action Compl. ¶37.  Under Alabama law, a "breach of contract" occurs when there is a failure by one of the parties to the contract to perform any promise which forms the whole or part of the contract without a legal excuse for doing so.  *Dickinson v. Cosmos Broadcasting Co., Inc.*, 782 So. 2d 260 (Ala. 2000).  To prevail on a breach of

contract claim under Alabama law, the Plaintiff must prove (1) the existence of a valid contract binding the parties, (2) its own performance under the contract, (3) Sysco's non-performance, and (4) damages. *See Gulf Coast Mineral, LLC v. Tryall Omega, Inc.*, No. 214CV1264WKWWO, 2016 WL 344960, at *3 (M.D. Ala. Jan. 27, 2016) (Watkins, J.) (citing *City of Gadsden v. Harbin*, 148 So. 3d 690, 696 (Ala. 2013)).

It is a defense to a breach of contract action where the party asserting the action voluntarily paid what it seeks to recover. Se*e Auto-Owners Ins. Co. v. Tomberlin, Young & Folmar Ins. Co.*, 874 F. Supp. 2d 1310, 1315 (M.D. Ala. 2012). The "voluntary payment doctrine" states that where one party, with full knowledge of all the facts, voluntarily pays money to satisfy the colorable legal demand of another, no action will lie to recover such a voluntary payment, in the absence of fraud, duress, or extortion. *Id.* (citing *Mt. Airy Ins. Co. v. Doe Law Firm,* 668 So.2d 534, 537 (Ala.1995)).

Here, Plaintiff admits in its Amended and Restated Class Action Complaint that it received multiple invoices containing the fuel surcharge. Amended and Restated Class Action Compl. ¶19. Plaintiff also admits that it paid the invoices which contained the fuel surcharge. Amended and Restated Class Action Compl. ¶19. Additionally, Plaintiff never alleges in the Amended and Restated Complaint that it contested the charges, or even questioned Sysco about them. The Amended

and Restated Class Action Complaint makes clear on its face that Plaintiff was aware of the charges at the time that it paid the invoices; paid the charges knowingly without mistake of fact or fraud as they were clearly disclosed on each invoice; and, paid the charges willingly, without duress, coercion, or extortion. The voluntary payment doctrine therefore bars Plaintiff's breach of contract claim against Sysco.

## CONCLUSION

As demonstrated, each of Plaintiff's claims fail as a matter of law and, even if the claims were legally cognizable on the facts alleged, the fraud claims fail as a matter of pleading.  Therefore, Sysco requests that the Court dismiss Plaintiff's Amended and Restated Class Action Complaint, with prejudice, and grant Sysco such further relief as the Court deems appropriate.

Respectfully submitted by,

/s/Michael B. Beers
Michael B. Beers
Carol T. Montgomery
**BUTLER SNOW**
250 Commerce St., Suite 100
Montgomery, Alabama  36104

T. Todd Pittenger, Esq. (*Pro Hac to be filed*)
Florida Bar No.: 0768936
email:  todd.pittenger@akerman.com
London L. Ott, Esq. (*Pro Hac to be filed*)
Florida Bar No.: 95058
email:  London.ott@akerman.com
**AKERMAN LLP**
420 South Orange Avenue
Suite 1200
Orlando, FL  32801-4904
Phone:  (407) 423-4000
Fax:  (407) 843-6610
*Attorneys for the SYSCO DEFENDANTS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on all parties to this action by e-file and/or by United States mail, first-class postage prepaid and properly addressed as follows:

Richard A. Harrison
**LAW OFFICES OF RICHARD A. HARRISON**
104 East Broad Street
Eufaula, Alabama 36027

Robert G. Methvin Jr.
Rodney E. Miller
Patrick C. Marshall
**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, Alabama 35205

This the 5th day of July, 2017.

/s/ Michael B. Beers
OF COUNSEL

37099618v3